IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TOMMY MANION, TOMMY MANION OF TEXAS, INC. and KYLE THOMAS MANION, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Case No. 4:12cv222 |
| JOE GREEN, INDIVIDUALLY | § § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| MAGIC CROSS RANCH, L.P. | § § | |
| Plaintiff, | § § | |
| VS. | § § | Case No. 4:12cv616 |
| TOMMY MANION, TOMMY MANION OF TEXAS, INC., and KYLE THOMAS MANION | § § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Plaintiffs' Motion for Summary Judgment as to All Claims (Dkt. 50). In the motion, Plaintiffs seek entry of final judgment against Defendants Joe Green and Magic Cross Ranch, L.P. Specifically, Plaintiffs ask the Court to enter a money judgment against Green for his past due obligations in the amount of $103,340.73 through June 17, 2013, plus estimated additional costs for horses still in Plaintiffs' care in the amount of $60 per day until judgment is

1

entered. Plaintiffs also ask the Court to grant them declaratory relief confirming their right to foreclose on several horses and to offset the amount received against the money judgment. Plaintiffs also seek an award of fees and costs. As set forth below, the Court finds that the motion should be GRANTED and that judgment should be entered for Plaintiffs.

Plaintiffs Tommy Manion of Texas, Inc., Tommy Manion, and Kyle Manion originally filed this suit in state court on March 14, 2012 against Defendant Joe Green for breach of contract, quantum meruit and declaratory relief for claims arising out of the breeding, boarding, care and training of several horses at Manion's Denton County facilities. Defendant Joe Green removed the case to this Court on April 16, 2012.

During the same time frame, in February 2012, Magic Cross Ranch, L.P. filed suit against Tommy Manion of Texas, Inc., Tommy Manion, and Kyle Manion in the Northern District of Texas, asserting claims of promissory estoppel, unjust enrichment, theft, negligence and negligent misrepresentation, fraudulent misrepresentation and inducement, fraud, breach of contract, money had and received, breach of fiduciary duty, among other allegations, as well as a claim for attorneys' fees. *See* Dkt. 4:12cv616 at Dkt. 1. From February 2012 until September 2012, the case proceeded in the Northern District but was ultimately transferred to this Court on October 1, 2012. The case became Case Number 4:12cv616 and was assigned to the undersigned and United States District Judge Richard A. Schell.

After the Court held a hearing on the matter at which counsel for both sides appeared, the proceedings in Cases 4:12cv222 and 4:12cv616 were ordered consolidated to remain assigned to United States District Judge Richard A. Schell under Case Number 4:12cv222, that being the first-

2

filed case in this District. *See* Dkt. 26 in 4:12cv222 and Dkt. 45 in 4:12cv616.

After consolidation, Plaintiffs Tommy Manion of Texas, Inc., Tommy Manion, and Kyle Manion filed an Amended Complaint, naming both Joe Green and Magic Cross Ranch, L.P. as Defendants and asserting against them a breach of contract claim, a quantum meruit claim, and a claim for declaratory relief. *See* Dkt. 21. Joe Green and Magic Cross Ranch, LP responded with an answer, asserting various affirmative defenses, and a counterclaim. Defendant Magic Cross, LP asserted a counterclaim of bailment and negligent handling, a claim of promissory estoppel, a claim under the DTPA, and a claim of negligent hiring against Defendants, a breach of fiduciary duty claim and a fraud claim against Tommy Manion, and a claim for attorney's fees. *See* Dkt. 25.[1]

After counsel withdrew for Defendants Green and Magic Cross Ranch, L.P., the Court stayed the case for a period of 30 days to allow Joe Green and Magic Cross Ranch, L.P. time to retain new counsel. In that order, Magic Cross Ranch, L.P. was cautioned that, if this matter proceeded and it remained unrepresented, any defensive and/or affirmative claims filed by Magic Cross Ranch L.P. would be stricken. *See* Dkt. 42. Defendants did not retain new counsel.

As a result, on September 25, 2013, the Court recommended that all of Defendant Magic Cross Ranch, L.P.'s counterclaims be dismissed with prejudice and that all other defenses, affirmative and otherwise, filed by Magic Cross, L.P. in this matter be stricken from the record. *See*

---

[1]The Court's order of consolidation expressly noted that, although 4:12cv222 had been designated as the lead case, nothing about the consolidation precluded either party from filing a motion to re-align parties as appropriate under governing Fifth Circuit precedent. *See* Dkt. 26 in 4:12cv222 and Dkt. 45 in 4:12cv616. No such request was ever filed and 4:12cv222 remains the lead case with the Manion parties as Plaintiffs and Green and Magic Cross as Defendants.

Dkt. 54.² Thus, the only claims remaining are Plaintiffs' affirmative claims against Defendants and any applicable affirmative Defenses raised by Green individually.³

Plaintiffs seek summary judgment as to all remaining claims.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.*

---

²No objections were filed to that report and recommendation, and it is currently pending for the District Judge's consideration.

³It is unclear from the record whether Green also intended to individually assert a DTPA claim, as he is listed in the claim but the only reliance stated is that of Magic Cross. *See* Dkt. 25 at ¶¶ 49 & 50. Nonetheless, to the extent he did attempt to assert such a claim, the Court finds that, even if it were sufficient to state an individual claim under Rule 12(b)(6), he should take nothing by that claim, as no summary judgment evidence has been offered that would create a fact issue as to any misrepresentations made by Plaintiffs.

4

*Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's response "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Plaintiffs' motion was filed on July 19, 2013. In its September 25, 2013 Report and Recommendation and Order, the Court noted that Defendant Green had not timely filed any response to the motion and gave him until October 22, 2013 to do so. *See* Dkt. 54. The Court stated that if Green was not opposed to the relief requested in the motion for summary judgment, no response was required. When the Court was notified that its September 25, 2013 Report and Recommendation

and Order had not been immediately served on Green, it extended Green's deadline to respond to the summary judgment motion until November 5, 2013. *See* Dkt. 60.

Now, more than two months after the extended deadline, and six months after the motion was originally filed, Green has still not filed a response and has made no motions to the Court attempting to show good cause for his failure to respond. More importantly, Defendant Green has failed to file any summary judgment evidence whatsoever in this matter. Plaintiffs, on the other hand, have offered into the summary judgment record several affidavits and pieces of documentary evidence, including: an affidavit of Tommy Manion, the owner of Tommy Manion of Texas, Inc. ("TMT"),Breeding and Boarding Bills issued to Joe Green by Tommy Manion Ranch from January 31, 2007 to June 17, 2013; a March 2008 purchase Letter Agreement regarding the purchase of several horse embryos and a lifetime breeding contract; invoices for Magic Cross's paid in full account; a March 2009 Purchase Agreement regarding the purchase of a quarter horse and an embryo between Green and Manion; a January 2012 demand letter for past due obligations sent to Green; a copy of the deposition of Joseph Green, with select deposition exhibits and specific deposition testimony identified, and Defendant's responses to interrogatories. *See* Dkts. 50-1 – 19.

Although Plaintiffs do not have the ultimate burden on summary judgment, the Court finds that Plaintiffs have sustained their initial burden by identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact as to the amounts owed to Plaintiffs for the care and costs of the horses. The Court will not – and indeed is not required to – scour the record in this matter to determine whether Defendant could create a genuine

issue of material facts as to the claims raised against him. The non-movant's burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. The Court's time and resources are limited, and the Court will not do Defendant's work for him. Defendant has had six months to prepare a response and to submit evidence to create a genuine issue of material fact as to Plaintiffs' claims, and he has not done so. In accordance with Local Rule CV-7(d), the Court thus assumes that Defendant's failure to respond to the motion for summary judgment indicates that he is not opposed to it and that, having been granted additional time to respond and being cautioned that his failure to respond would that indicate he did not oppose the relief requested, Defendant Green concedes that there is no genuine issue of material fact as to all of Plaintiffs' claims against him.

Similarly, Defendant has offered no summary judgment evidence – or argument – that would create a fact issue as to any affirmative defenses raised. The Court notes that some of the invoices attached to the motion for summary judgment date back to unpaid fees from 2007. Because Plaintiffs' state court suit was filed on March 14, 2012, these claims likely do not fall within the applicable statute of limitations. However, a statute of limitations defense was not raised by Defendants in their answer and was not included in their chosen affirmative defenses. *See* Dkt. 25. Thus, Green is barred from raising it as a defense. *See* FED. R. CIV. P. 8(c); *Lebouef v. Island Operating Co., Inc.*, 342 Fed. Appx. 983, 984, 2009 WL 2734760, 1 (5th Cir. 2009) (noting that Federal Rule of Civil Procedure 8(c) requires a defendant to affirmatively plead statute of limitations defense and once a defendant has waived that defense, it cannot revive the defense in a memorandum in support of a motion for summary judgment). "[I]n an ordinary civil case, where the district court

7

has no special duty to examine the pleadings, the affirmative defense of statute of limitations can be waived and may not be raised by the court *sua sponte*." *Id.* (noting that a court may raise a limitations bar *sua sponte* only in a limited number of special cases in which the court has some particular duty to decide the limitations issue because of a statutory command or a jurisdictional limitation).

Without any summary judgment evidence or argument that would show a fact issue as to Plaintiffs' claims against him, Defendant Green has not sustained his summary judgment burden. Summary judgment should be GRANTED for Plaintiffs.

As to Defendant Magic Cross Ranch, L.P., the Court finds that judgment should be granted against it under Rule 55. Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). The Court finds that default is appropriate as Defendant has failed to defend the claims against it since its pleadings were stricken after it failed to retain counsel.

28 U.S.C. § 1654 states that "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Courts have uniformly interpreted this statute to mean that corporations, partnerships, or associations are not allowed to appear in federal court other than through a licensed attorney. *Rowland v. California Men's Colony,* 506 U.S. 194, 202–203, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *see also Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004); *see also Donovan v. Road Rangers Coutnry Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors*

*Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982)). Therefore, a corporation is not permitted to appear *pro se. See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 1998 WL 641815 (N.D. Tex. 1998). Although 28 U.S.C. § 1654 permits an individual to proceed *pro se* in federal court, the statute does not permit an individual to appear on behalf of a corporation. *See Bischoff v. Waldorf,* 660 F.Supp.2d 815, 820 (E.D. Mich. 2010) (citing *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984); *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1427 (7th Cir. 1985) (A corporation "is an abstraction, and an abstraction may not appear pro se.")). "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982)). When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant. *See id.* (holding district court properly struck defenses of corporate defendant which declined to hire counsel).

Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, 2003 WL 21992488, at * 1 (N.D. Tex. 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that the defendant was therefore in default.);

*Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Defendants have been warned that counsel was necessary for Magic Cross Ranch, L.P. to appear before the Court. No counsel was retained. Therefore, to the extent applicable, the Court also finds that judgment should be granted against Magic Cross Ranch, L.P.

Given the record in this case, the Court recommends that Plaintiffs' Motion for Summary Judgment as to All Claims (Dkt. 50) be GRANTED and final judgment in this matter be entered as follows:

**ORDERED** that Plaintiffs have and recover a money judgment from and against Defendants Joe Green and Magic Cross Ranch, L.P. for the past due obligations under the Breeding and Boarding Bills in the amount of $103,340.73 through June 17, 2013, plus estimated additional breeding and boarding costs for Defendants' four horses still in the care of TMT (herein the "Four Horses") in the amount of $60.00 per day through the date of this judgment.

**IT IS, FURTHER, ORDERED** that Plaintiffs have and recover prejudgment interest from and against Defendants Joe Green and Magic Cross Ranch, L.P. on the foregoing monetary judgment at the rate of 5% per annum from February 21, 2012, the date of filing of the lawsuit, through the date of this judgment.

**IT IS, FURTHER, ORDERED, DECLARED AND DECREED** that TMT is entitled to foreclose on the Four Horses in a public sale held pursuant to §70.005 of the Texas Property Code

and that TMT is allowed to offset the amount received from said sale against the money judgment awarded to Plaintiffs, less expenses related to the sale, including the per diem breeding and boarding costs for the Four Horses of $60.00 from the date this judgment until the date of said sale.

**IT IS, FURTHER, ORDERED,** that Plaintiffs recover a money judgment from and against Defendants Joe Green and Magic Cross Ranch, L.P. for the recovery of reasonable litigation costs, including reasonable attorneys' fees, incurred for the prosecution of this case in the trial court in the amount of $64,536.07.

**IT IS, FURTHER, ORDERED** that Plaintiffs recover a money judgment from and against Defendants Joe Green and Magic Cross Ranch, L.P. for the recovery of reasonable appellate attorneys' fees incurred in the U.S. Court of Appeals, Fifth Circuit in the amount of $30,000.00 if Defendants unsuccessfully seek such appellate relief.

**IT IS, FURTHER, ORDERED** that Plaintiffs recover a money judgment from and against Defendants Joe Green and Magic Cross Ranch, L.P. for the recovery of reasonable appellate attorneys' fees incurred in the United States Supreme Court in the amount of $20,000.00 if Defendants unsuccessfully seek such appellate relief, provided, however, such sum shall be remitted in the amount of $5,000.00 if the appeal is unsuccessful but full briefing is not requested**.**

**IT IS, FURTHER, ORDERED** that the total amount of the monetary judgment rendered above will bear interest at the rate of 5% per annum from date of this judgment until paid.

**IT IS, FURTHER, ORDERED** that Defendants, Green and Magic Cross Ranch, L.P. have and recover nothing from Plaintiffs.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 23rd day of January, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE